## CARTER *v.* MEISCH.

(*Supreme Court, General Term, Fifth Department.* March, 1892.)

FRAUDULENT CONVEYANCES—HUSBAND TO WIFE—EVIDENCE.

On an issue as to whether a conveyance from a husband to his wife was in fraud of creditors, the trustee through whom it was made testified that the wife said her husband was in a little trouble, and wanted to deed his property to her, and when the trouble was over she would deed it back to him. Two other witnesses testified to the agreement that the wife should hold the property until the husband was out of some trouble, when it was to be reconveyed. The husband testified that he was afraid of being prosecuted for buying stolen property, but that he did not know it was stolen. There was no evidence that the husband was ever prosecuted for any crime, or that he had any creditors. *Held,* that the evidence failed to show that the conveyance was made with a fraudulent intent.

Appeal from judgment on report of referee.

Ejectment by Charles Carter against Nicholas Meisch. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*T. M. French,* for appellant.          *Wm. E. Werner,* for respondent.

LEWIS, J. The defendant, on the 5th day of February, 1886, was the owner in fee of the premises described in the complaint. On that day he conveyed them to one John Theiss, and Theiss the same day conveyed to Mrs. Meisch. The conveyance of this property was through Mr. Theiss, as trustee, to the defendant's wife, and was pursuant to an agreement made between the defendant and his wife that she would take the title, and would, upon request, reconvey the same to the defendant when he should get through some trouble he was having. Shortly thereafter Mrs. Meisch died intestate, without having conveyed the property to the defendant. She left two sisters, Caroline Carter and Mary Senke, her only heirs at law. Caroline Carter thereafter conveyed her interest in the premises to her sister Mary Senke, and Mary, on the 13th day of February, 1888, executed and delivered to her husband a deed of the premises. There was no consideration whatever for any of these conveyances. At the time of the two conveyances last mentioned, the defendant, Meisch, was in the actual, visible, and hostile possession of the premises, and had been in such possession from the time of the death of his wife, claiming an equitable title thereto by virtue of the oral agreement made with his wife, mentioned. The plaintiff, after obtaining his deed, brought this action, and the defendant interposed the defenses that he was the equitable owner of the premises, and entitled to a conveyance thereof; that he was in possession of the premises, claiming the same under a title hostile to the plaintiff's title, at the time of the conveyance to the plaintiff. Defendant's contention that plaintiff's deed was void, because at the time it was delivered he was occupying the premises under an adverse and hostile title to the grantors, cannot be sustained, for he was not holding under any title, but under an agreement with his grantee that she would reconvey the premises to him. The referee found for the plaintiff, placing his decision upon the ground that, prior to the conveyance from Meisch to his wife, through said trustee, Meisch had been charged by the public prosecuting authorities with having received stolen property contrary to law, and was liable to prosecution therefor under the statute in such case made and provided. He found, as a fact, that neither at the time of such conveyance, nor since, had Meisch any creditors, except such as were or might become creditors by reason of his having received stolen property, as aforesaid. He found, as conclusions of law, that the plaintiff was the owner in fee of the premises, and entitled to the immediate possession; that the agreement made between the defendant, Meisch, and his wife for a reconveyance of the premises was null and void; and that Meisch was not entitled to a specific performance of the same.

The evidence clearly established that the defendant conveyed the property to his wife, through a trustee, under an agreement which entitled him in equity to a reconveyance, unless he is to be deprived of relief because of fraud in the transaction.    The finding that the conveyance from the defendant to his wife, through the trustee, was void, because it was made with the corrupt and fraudulent purpose and motive of placing the property beyond the reach of the creditors of Meisch, is not, we think, sustained by the evidence.    There is evidence which tends to show that he was induced to make the conveyance because of an apprehension of a criminal prosecution, arising out of a purchase by him of some property which there was a rumor had been stolen. There was no satisfactory evidence that any property had in fact been stolen. All the evidence which it can be claimed tended to show that property purchased by defendant had been stolen was the following:    Mr. Rau testified that Mrs. and Mr. Meisch and Mr. Theiss called upon him, and Mr. Theiss stated: " ' Mr. Meisch, here, is in some trouble, and I advised him to convey the property to his wife.'    I asked Mr. Meisch whether it was so.    He said, ' Yes; I am in some trouble, but I don't like to convey my property to my wife.'    His wife said, ' What of that?    I don't want to keep your property, you know very well.    I have not helped to earn it, and, when the trouble is over, I will reconvey the property to you.'    Meisch said he didn't like to convey, but, after some hesitation, he said, ' Go on with it.'    Rau prepared the deeds."    Mr. Theiss testified that Mrs. Meisch said to him:    "Mr. Meisch is a little in trouble, and wants to deed his property over to me, and then he should have it back.    When the trouble is over, I will give it back to him."    Theiss testified that he didn't know what the trouble was; that Meisch simply said he was in trouble, and his wife said the same.    Robert Reichert testified that he "heard Mrs. Meisch say to her husband, ' You had better put that house over to me before you lose it.'    He refused.    She said, ' You had better do it, and when you get over your trouble I will give it back,'    I knew that Mr. Meisch had been in trouble over some brass.    It took place in the spring of the year three or four years ago."    The defendant testified:    "The trouble I was in, that was the subject of those conversations, was for five years in state prison.    It was for receiving stolen property, but I did not know it to be stolen. I paid for the property claimed to have been stolen."    If this evidence be true, he had committed no crime.

There is not a suggestion in the evidence that any proceedings had in fact been instituted against him by a public prosecutor, or that any one had ever made any pecuniary claim against the defendant on account of any stolen property, or that he had ever thought that such a claim might or could exist.    He seems to have acceded to the suggestions of his wife, and conveyed the property, because of some apprehension that he might be prosecuted criminally, and suffer imprisonment, and, in that event, it might be better that his wife hold the title.    The record fails to show that there was any substantial basis for his apprehension.    It fails to show that he made the conveyance with any view of defrauding creditors, for it does not appear that he had any.    The defendant, being in possession of the premises, with a strong equitable claim to a conveyance thereof, should not be ousted unless it is established that he parted with his title under circumstances which prevent the court from giving him relief.    The rule of law, when creditors attack a conveyance, is that fraud is to be found, and not presumed.    The facts must naturally and logically indicate fraud, and must be of a character to warrant the inference.    It is not enough that they are ambiguous, and just as consistent with innocence as with guilt; if they are, the proof of fraud is wanting.    *Shultz* v. *Hoagland,* 85 N. Y. 467.    A fraud cannot be perpetrated, unless some one is in a situation to be defrauded.    Concededly, the plaintiff's grantor was not defrauded, for she knew or was informed of all the facts known to the defendant, and, as we have seen, was instrumental in inducing him to convey the property to her.

The plaintiff has no better title than Mrs. Meisch had, for neither he nor his grantors paid any consideration for the conveyance to him. The facts found by the referee entitled the defendant to the relief demanded in his answer, but for this question of fraud in the conveyance of the premises to his wife, and yet no such issue was raised by the pleadings. The complaint was in the ordinary form of complaints in actions of ejectment. The defendant's answer set up his equitable claim to the property under the parol agreement mentioned, and demanded an affirmative judgment that the plaintiff convey the premises to him. The plaintiff's reply admitted some of the allegations of defendant's answer, denied other allegations, set up an equitable interest in the property arising out of the payment by him of incumbrances, assessments, taxes, and repairs upon the property, but he does not set up the question of fraud. Not having interposed that defense, he should not be allowed the benefit of it. When attempting to eject the defendant from the possession of property to which he is equitably entitled, he should be held to strict rules of pleading. In *Haigh* v. *Kaye,* L. R. 7 Ch. App. 469, the defendant was sued for a reconveyance of premises held by him in trust. He relied upon the statute of frauds, and claimed the estate as his own, discharged from any trust. The court, in deciding the case, said: "If a defendant means to say that he claims to hold the property given to him for an immoral purpose, in violation of all honor and honesty, he must say so in plain terms, and must put forward his own scoundrelism, if he means to reap the benefit of it." This rule should be applied in this case, notwithstanding that the evidence relied upon by the referee as establishing the fraud came from witnesses called by the defendant. We place our decision, however, on the ground that the evidence fails to show that there were any creditors of the defendant to be defrauded by the conveyance to Mrs. Meisch, and it fails to show that the conveyance was made with a fraudulent intent. The plaintiff's complaint should have been dismissed. The judgment appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.